J-S29027-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEFFREY MEDGEBOW | : | |
| | : | |
| Appellant | : | No. 990 EDA 2021 |

Appeal from the Judgment of Sentence Entered February 25, 2021,
in the Court of Common Pleas of Montgomery County,
Criminal Division at No(s): CP-46-CR-0000387-2018.

BEFORE: PANELLA, P.J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:         **FILED DECEMBER 13, 2021**

Jeffrey Medgebow appeals from the judgment of sentence imposed after the trial court found him guilty of possession of a controlled substance and possession with intent to deliver ("PWID").[1] Upon review, we affirm.

The facts and procedural history are as follows. Between August and December 2017, police met with several confidential sources who reported that Medgebow was involved in the sale of various controlled substances in Philadelphia and Montgomery counties. They also learned that Medgebow was registered to Room 811 of the Home2 Suites Hotel located on Arch Street in Philadelphia, Pennsylvania.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. §§ 780-113(a)(16) and (a)(30).

In December 2017, the police conducted two controlled buys, one in Philadelphia and one in Upper Merion, using a confidential informant. On both occasions, the CI met with Medgebow and purchased crystal methamphetamine directly from Medgebow. After each transaction, the police followed Medgebow and observed him return to Room 811 of the Home2 Suites Hotel.

On January 4, 2018, the police executed a search warrant at Room 811 of the Home2 Suites Hotel. Medgebow was present when they searched his room and found, amongst other things, MDMA (ecstasy) and several bags of methamphetamine. A substantial amount of methamphetamine totaling 54.68 grams was recovered from Room 811 and the controlled purchases.

After the search, Medgebow gave a statement wherein he admitted that all of the controlled substances in Room 811 belonged to him. He further admitted that he sold methamphetamine in bulk in amounts ranging from 5 to 12 ounces per week. Medgebow confirmed that he possessed these drugs with the intent to deliver them to other individuals in both Philadelphia and Montgomery Counties.

On September 6, 2019, following a stipulated bench trial, the trial court found Medgebow guilty of both charges. On February 25, 2021,[2] the court

_____

[2] Medgebow failed to appear for his originally scheduled sentencing on December 10, 2019, due to his imprisonment in New Jersey on unrelated charges and later absconded to Florida following his release. Authorities in Florida subsequently arrested Medgebow and extradited him to Pennsylvania. Upon receiving notification that Medgebow returned to Pennsylvania, the trial court sentenced him.

imposed a sentence of 60 to 120 months of imprisonment for the PWID conviction and 6 to 12 months of imprisonment for the possession conviction, concurrent to the PWID sentence. Medgebow filed a post-sentence motion, which the court denied.

Medgebow filed this timely appeal. Medgebow and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Medgebow raises a single issue challenging the discretionary aspects of his sentence. Medgebow's Brief at 3. This Court has stated that challenges to the discretionary aspects of a sentence do not entitle an appellant to review as of right. *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018). To reach the merits of a discretionary sentencing issue, we must conduct a four-part analysis to determine:

> (1) whether the appeal is timely; (2) whether [Medgebow] preserved his issue; (3) whether [Medgebow's] brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [in accordance with 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. . . [I]f the appeal satisfies each of these four requirements, we will then proceed to decide he substantive merits of the case.

*Commonwealth v. Colon*, 102 A.3d 1033, 1042-43 (Pa. Super. 2014) (quoting *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013)).

Here, Medgebow has satisfied the first three requirements of **Colon**.[3] Accordingly, we must determine whether Medgebow raises a substantial question.

In his Rule 2119(f) statement, Medgebow claims that his sentence was unduly harsh and excessive because the trial court focused on factors which were already factored into the sentencing guidelines, *i.e.*, that he was an admitted drug dealer, he lived a charmed life, and sold drugs to maintain his lifestyle. He further argues the court gave inadequate weight to certain mitigating factors, particularly, the non-violent nature of his crime, his advanced age and physical ailments/heart problems, and that he sold drugs merely to subsist. Therefore, according to Medgebow, a lesser sentence was warranted. Medgebow's Brief at 9-10.

An appellant raises a "substantial question" when he "sets forth a plausible argument that the sentence violates a provision of the [S]entencing [C]ode or is contrary to the fundamental norms of the sentencing process." **Commonwealth v. Crump**, 995 A.2d 1280, 1282 (Pa. Super. 2010) (citation omitted).

_____

[3] The Commonwealth claims that Medgebow's excessiveness claim is waived because he failed to raise it in his post-sentence motion. Commonwealth's Brief at 5. Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. **Commonwealth v. Mann**, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied,* 831 A.2d 599 (2003). However here, although Medgebow's motion could have been more specific, he did request that the trial court "craft a sentence in the middle of the standard range of the guidelines." From this, we infer that Medgebow claimed his sentence was excessive. Therefore, Medgebow preserved this issue.

- 4 -

This Court has held that:

a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review. However, prior decisions from this Court involving whether a substantial question has been raised by claims that the sentencing court "failed to consider" or "failed to adequately consider" sentencing factors has been less than a model of clarity and consistency....

This Court has ... held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question.

***Commonwealth v. Caldwell***, 17 A.3d 763, 769–70 (Pa. Super. 2015) (internal quotation marks and citations omitted).

Here, Medgebow does not claim that the trial court failed to consider relevant factors. Instead, he only claims that the trial court did not adequately consider certain mitigating factors. This argument does not raise a substantial question, and we will not consider the merits of it.

Even if we were to consider the merits, we would conclude that the trial court did not abuse its discretion in sentencing Medgebow.[4]

_____

[4] Our standard of review of a sentencing claim is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*(Footnote Continued Next Page)*

Notably, the trial court had the benefit of a pre-sentence report "[W]here the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citation omitted). The court also had sentencing memoranda prepared by the Commonwealth and the defense, as well as a PPI evaluation. Additionally, Medgebow's sentence was within the standard range, albeit the high end. Such sentences are considered appropriate under the Sentencing Code. *See Commonwealth v. Moury*, 992 A.2d 162 171 (Pa. Super. 2010).

At the sentencing hearing, the court heard testimony from Medgebow's relative who indicated that, despite coming from a wealthy background, Medgebow had "a lot of struggles with life" as well as serious health problems. Medgebow's counsel noted that Medgebow had once been very successful, but his businesses failed. As a result, counsel suggested that Medgebow became troubled which caused him to start committing crimes. Counsel further emphasized that Medgebow took responsibility for the drugs found in his room.

---

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006).

The trial court indicated that it was aware of the information pertaining to Medgebow's character and other relevant mitigating factors. It further confirmed that it considered this information when formulating Medgebow's sentence, but it was not persuaded to give Medgebow a lesser sentence. *See* Trial Court Opinion, 6/14/21, at 6.

The trial court observed that Medgebow sold drugs on a regular basis and sold significant amounts of drugs. He did so by preying on people's drug habits for his own personal gain and to support his lavish lifestyle, which the court found completely unacceptable and warranted consequences. After his trial in this case, Medgebow was arrested multiple times in Delaware and Florida. N.T., 2/25/21, at 27. Furthermore, the trial court specifically acknowledged Medgebow's difficulties, but explained to him that:

> a lot of people face difficult things in their life and nothing you have faced [justifies] any of your actions, nor does anything that you faced justify a mitigated sentence. You demonstrate that you pose a current and future threat to the community to be a repeat offender.

*Id.* at 28.

Based upon the foregoing, we would find that the trial court did not abuse its discretion when it sentenced Medgebow, and that his claims are meritless.

Judgment of sentence affirmed.

- 7 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/13/2021</u>